UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAMES CHRISTLIEB, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO:  1:21-cv-02808 |
| | ) |
| JOHNSON CONTROLS, INC., | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, JAMES CHRISTLIEB, hereafter "MR. CHRISTLEIB," by counsel, pursuant to Rule 3, Federal Rules of Civil Procedure, and files herein his Complaint against the Defendant, JOHNSON CONTROLS, INCORPORATED, and shows the Court as follows:

**JURISDICTION AND VENUE**

1. This suit is brought and jurisdiction lies pursuant to The Americans with Disabilities Act ("ADA"), 42 U.S.C §12101 *et. seq.*

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Southern District of Indiana, Indianapolis Division. Therefore, venue is proper within this District and Division pursuant to 28 U.S.C. §1391.

3. This Court has Supplemental jurisdiction over any state law claims alleged in this Complaint, pursuant to the Judicial Improvements Act of 1990, 28 U.S.C. 1367. Jurisdiction is proper as the state law claims for negligence arise out of the same transaction or occurrence that is the subject matter of the federal claims in this Complaint. Accordingly, justice and judicial

1

economy require that this Court assert supplemental jurisdiction over any state law matters alleged in this Complaint.

## PARTIES

4. The Plaintiff, MR. CHRISTLIEB, is a citizen of the United States, and is a qualified employee under 42 U.S.C §12111(4).

5. At all times relevant hereto, MR. CHRISTLIEB was an "employee" of the Defendant.

6. The Defendant is a qualified employer as the term is defined in 42 U.S.C. §12111(5).

7. Defendant is a foreign for-profit corporation registered with the Indiana Secretary of State.

## ADMINISTRATIVE PROCEDURES

8. On or about April 23, 2020, MR. CHRISTLIEB filed charges of discrimination alleging violations of the ADA with the Equal Employment Opportunities Commission ("EEOC"), Charge Number 470-2020-02201.

9. On or about September 21, 2021, MR. CHRISTLIEB received a Notice of Right to Sue from the EEOC for Charge Number 470-2020-02201, entitling him to commence action within ninety (90) days of his receipt of the Notice. A copy of the Notice is attached hereto and incorporated herein by reference as Exhibit "1".

10. The Complaint in this matter was filed within ninety (90) days of receipt of the above referenced Notice of Right to Sue from the EEOC.

## FACTS

11. The Defendant hired MR. CHRISTLIEB on or about July 12, 2012 in its Building Efficiency business, that business was sold by Defendant and MR. CHRISTLIEB'S employment was then through the purchasing company.

12. MR. CHRISTLIEB left his other employment and returned to work for Defendant in May of 2018 under the title of Project Engineer.

13. Throughout his employment with Defendant, MR. CHRISTLIEB met or exceeded Defendant's legitimate expectations of performance.

14. On or about January 15, 2020, MR. CHRISTLIEB traveled to a work site to instruct and train a mechanic and foreman in the replacement of a fan motor and fan shaft bearings, as they had tried previously but were unable to complete the repairs themselves.

15. The repair of the fan motor and bearings required that the fan be de-energized, which has already been completed by an onsite electrical subcontractor prior to MR. CHRISTLIEB and the men beginning the repair.

16. At no time did MR. CHRISTLIEB nor anyone alter or adjust the switch to energize the fan, and MR. CHRISTLIEB did not work with the tools to make the repair.

17. During this instruction, MR. CHRISTLIEB was injured.

18. MR. CHRISTLIEB was transported to the hospital and treated for a hand crush injury.

19. Following his injury, MR. CHRISTLIEB took no time off work, but worked from home for approximately three weeks as he was not permitted to operate his work vehicle while taking his prescription.

20. On or about February 7, 2020, MR. CHRISTLIEB was brought in by his supervisor and placed on a conference call with an HR representative, at which time he was terminated.

## COUNT I

### DISCRIMINATION ON THE BASIS OF DISABILITY

21. MR. CHRISTLIEB hereby incorporates by reference paragraphs one (1) through twenty (20) as though previously set out herein.

22. At all times relevant to this action, MR. CHRISTLIEB was a "qualified individual with a disability" as that term is defined by 42 U.S.C. §12102 and §12111.

23. The conduct as described hereinabove constitutes discrimination based on MR. CHRISTLIEB'S disability.

24. The Defendant willfully and intentionally failed to accommodate MR. CHRISTLIEB'S disability.

25. Defendant intentionally and willfully discriminated against MR. CHRISTLIEB because he is disabled and/or because MR. CHRISTLIEB has a record of being disabled and/or because Defendant regarded MR. CHRISTLIEB as disabled.

26. Similarly situated non-disabled employees were treated more favorably in the terms of privileges, and conditions of their employment.

27. Defendant's actions were intentional, willful and in reckless disregard of Defendant's unlawful actions.

28. MR. CHRISTLIEB has suffered emotional and economic damages as a result of Defendant's unlawful actions.

29. MR. CHRISTLIEB asserts a claim against the Defendant for a violation of his rights under the ADA.

## **REQUESTED RELIEF**

WHEREFORE, Plaintiff, MR. CHRISTLIEB, respectfully requests that this Court enter judgment in his favor and:

a. Order Defendant to pay MR. CHRISTLIEB lost wages, unpaid bonuses and other economic benefits lost as a result of Defendant's unlawful acts;

b. Reinstatement to the position, salary and seniority level to which he would have been entitled but for the Defendant's unlawful actions, or front pay in lieu of reinstatement;

c. Pay compensatory damages;

d. Pay punitive damages;

e. Pay liquidated damages

f. Pay lost future wages

g. Pay All costs and attorney's fees incurred as a result of bringing this action;

h. Payment of all pre- and post-judgment interest;

i. Provide to MR. CHRISTLIEB all other legal and/or equitable relief this Court sees fit to grant.

## DEMAND FOR JURY TRIAL

The Plaintiff, MR. CHRISTLIEB, by counsel, respectfully requests a jury trial for all issues deemed so triable.

Respectfully submitted:

/s/ *Leah N. Miller*
Leah Miller #36903-29
Darron S. Stewart #21114-29
STEWART & STEWART ATTORNEYS
931 S. Rangeline Rd.
Carmel IN 46032
Phone:(317) 846-8999
Fax: (317) 843-1991
LeahM@getstewart.com
Attorneys for Plaintiff,
James Christlieb